Chief Judge Breitel
(concurring). I agree with the majority opinion.
I would add that the narrow issue in this appeal is the error in qualifying plaintiff’s trial use of the deposition before trial of defendant driver. As pointed out in dissent at the Appellate Division the applicable statute is clear and dispositive. CPLR 3117 (subd. [a], par. 2) permits the unqualified use of the adverse party’s deposition for any purpose. That is the end of it; and it was grave error for the trial court to charge that by using the driver’s deposition beyond what defense counsel read, plaintiff made the adverse party his own witness and was bound by the driver’s deposition.
The discussion in the opinion at the Appellate Division confuses distinct and some very well-settled doctrine, none of it necessary to the resolution of the case.
Basic principles are as follows: no party is ever limited by the witnesses he produces or examines from establishing the facts in issue. Thus, no party is ‘ ‘ bound ’ ’ by what any wit *288 ness says, although the party may he “ bound ” by what he himself testifies to on the merits of the case. A second principle is that an examining party will be “ bound ” by the testimony of a witness he calls as to collateral matters or by examination into collateral matters of a witness called by another party. Even here, if the witness is evidently hostile, or is an adverse party, this limitation does not or may not apply. The third rule relates to ‘ ‘ impeachment of a witness ’ ’ which defines the permissible area to show lack of general or specific credibility in a witness or party. Impeachment is not to be confused with “ binding ” testimony.
A party may not, generally, impeach, that is, attack the general or specific credibility of his own witness, nor that of the other party’s witness if the examination of the other party’s witness has gone beyond the other party’s proof through that witness. Like the “ binding ” rule, the restriction on impeachment usually applies, but not invariably, to an adverse party or to an evidently hostile witness (Richardson, Evidence [10th ed., Prince], § 512).
The distinctions last discussed are adequately treated in Richardson on Evidence (§ 508 et seq.-, see, also, 3A Wigmore, Evidence [Chadbourn rev.], § 896 et seq.). They rest on largely well-settled principles. Whatever fudginess exists relates to hostile witnesses, in which the trial court has great discretion in allowing or curtailing “ impeachment ”, if only to control trial time diverted to collateral matters and to prevent abusive tactics. The same limitations do not apply to the adverse party, as to whom, although he is a hostile witness, that stance is merged into his status as an adverse party. Since much or all of impeachment comes into the case on cross-examination, it is always subject to the trial court’s general discretion to control the scope and length of cross-examination in order to conserve trial time and prevent abusive tactics.
None of these problems, it is suggested, are relevant to the narrow problem in this case, which as noted earlier is resolved by an explicit statutory provision. Interestingly, the law, in this respect, was the same before CPLR (see Civ. Prac. Act, §§ 303, 343-a).
*289 Accordingly, I concur in directing a reversal of the order of the Appellate Division, and the granting to plaintiff of a new trial.
Chief Judge Breitel and Judges Gabrielli, Jones, Stevens and Wither* concur with Judge Wachtler; Chief Judge Breitel concurs in a separate opinion in which Judges Gabrielli, Jones, Stevens and Wither* also concur; Judge Babin taking no part.
Order reversed, with costs, and a new trial granted.

 Designated pursuant to section 2 of article VI of the State Constitution.